1  DANIEL G. BOGDEN
   United States Attorney
2  KATHLEEN BLISS
   Assistant United States Attorney
3  333 Las Vegas Boulevard South, Suite 5000
   Fifth Floor
4  Las Vegas, Nevada 89101
   (702) 388-6336
5

# IN THE UNITED STATES DISTRICT COURT

6

## FOR THE DISTRICT OF NEVADA

7

\* \* \*

8

9  UNITED STATES OF AMERICA,                    2:11-cr-00048-JCM -LRL

10                        Plaintiff,

**PROPOSED COMPLEX CASE**
**SCHEDULE PURSUANT**
**TO LCR 16-1(a)**

11  vs.

12

13  Jesus Guadalupe Felix Burgos, *et al.*,

14                        Defendants.

15        Pursuant to Local Rule 16-1(a)(1) and (2), counsel for the United States, Daniel G. Bogden,

16  United States Attorney, Assistant United States Attorney, Kathleen Bliss, and undersigned counsel

17  for the Defendants, respectfully submit this proposed Complex Case Schedule, requesting that this

18  Court set a trial date and enter an Order "fixing the schedule for discovery and pretrial motions."

19  ( LCR 16-1(a)(1)–(a)(4)).

20        1.      The Indictment in this case was returned by a federal Grand Jury seated in Las Vegas,

21  Nevada, on February 8, 2011. (Docket # 1).

22        2.      Defendants Lee Novarro, Nancy Mageno, Ruben Aguilar, John Asher, and Danya

23  Maycotte were arraigned and entered pleas of Not Guilty on February 9, 2011. (Docket # 21, 22, 24,

24  25, 26 (respectively)). Defendant Jesus Guadalupe Felix Burgos was arraigned and entered a plea

25  of Not Guilty on March 3, 2011. (Docket # 51).  Defendants Francisco Flores-Jorge and Angel

26  Aguilar are detained in Montana on unrelated charges; however, detainers have been lodged against

27  them pending resolution of their cases.  Christopher Fraijo and Daniel Rizo are currently in fugitive

28  status.

1

**THE CASE HAS BEEN DESIGNATED AS COMPLEX**

3.     The case presents complex and potentially novel issues of fact and law in that the Indictment charges all Defendants with Conspiracy to Distribute a Controlled Substance, in violation Title 21, United States Code, Sections 846 and Defendants Burgos, Novarro, Mageno with Distribution of a Controlled Substance, in violation Title 21, United States Code, Sections 841(a)(1). (Docket #1).  The government's evidence includes extensive, court-authorized interceptions of communications among the conspirators.

4.      The government alleges that defendants, were engaged in drug trafficking over a one-year period of time.  In this investigation, numerous consensually recorded drug buys were made and four, court-authorized interceptions of telephone communications occurred over a three and a half month period.  As such, the case presents complex and novel issues of fact and law.  The government anticipates that the drug amount will exceed 1.5 pounds of actual methamphetamine ("Ice").

**PROPOSED COMPLEX CASE SCHEDULE**

5.     To date, the government has provided initial discovery in this case that involved production of evidence which falls under Fed. R. Crim. P. 16; that is, over 1,278 pages of discovery and at least 10 CDs containing court-authorized interceptions of telephone calls and monitored drug buys. The government does not anticipate that there will be a significant amount of additional discovery, but the government does submit that it will take time for defendants and their counsel to review all of the discovery to date, much of which is in Spanish.   Below is a schedule on which the parties have agreed:

**PROPOSED COMPLEX CASE SCHEDULE**

1.     The Trial Date(s):

The parties agree to a trial setting on or about October 3, 2011, and anticipate that  trial will proceed for up to three weeks.

2.     The Initial Discovery Phase.

The parties propose that the government, though having essentially met its discovery obligations under Fed.R.Crim.P. 16 (a)(1)(A) - (D),  shall continue to meet its obligation, to disclose

and provide the following:

a. all statements, documents, and objects, including audio and video recordings, required to be disclosed under Federal Criminal Rules of Procedure 16(a)(1)(A)-(F).

b. all search warrants, orders authorizing the interception of wire, oral or electronic communications, and supporting affidavits, that relate to evidence that may be offered at trial;

c. all police or investigative reports that relate to the charges in the Indictment.

3. The Discovery Motions Schedule To Resolve Any Discovery Disputes.

The parties acknowledge a duty to make good faith efforts to meet and confer with each other to resolve informally any dispute over the scope, manner and method of disclosures before seeking relief from the Court. A breach of the duty to meet and confer, by either party, may serve as a basis to grant or deny any subsequent motion for appropriate relief made before the Court. If the parties are unable to agree or resolve disputes after good faith efforts to do so, the parties propose the following discovery pretrial motions schedule:

a. Pretrial Motions, including notices of any defenses under Rules 12.1, and 12.2 of the Federal Rules of Criminal Procedure, shall be filed on or before July 1, 2011.

b. Responses to Pretrial Motions to be filed on or before July 15, 2011; and

c. Replies to Pretrial Motions to be filed on or before July 21, 2011.

4. The Second Discovery Phase

The parties propose that NO LATER THAN 60 DAYS BEFORE TRIAL:

The parties will permit the inspection, copying or photographing all documents    a n d objects as described in Fed.R.Crim.P. 16(a)(1(E) and Fed.R.Crim.P. 16 (b)(1)(A).

The parties will provide their respective notices of expert witness(es) and any and all reports and tests as required by Fed.R.Crim.P. 16(a)(1)(F )and Fed.R.Crim.P. 16(b)(1)(B).

The United States will file its designated transcripts that the government intends on using at trial.

. . .

1  The parties propose that NO LATER THAN 30 DAYS BEFORE TRIAL:

2           The parties will provide to each other expert witness summaries as described in

3           Fed. R.Crim.P. 16(a)(1)(G) and Fed.R.Crim.P. (B)(1)(C).

4       5.    The Third Discovery Phase

5  The parties propose that NO LATER THAN 10 DAYS BEFORE TRIAL:

6           a.  the parties will disclose any summaries, charts or calculations that will be offered

7           in their respective case-in-chief at trial;

8           b.  the parties will identify recordings, transcripts of recordings, or portions thereof,

9           that will be offered in their respective case-in-chief at trial;

10           c.  the government will provide to defendants all witness statements and

11           impeachment information for those witnesses that the government intends on calling

12           in its case in chief unless the government files a motion for a protective order at that

13           time.

14       6.    Supplemental Motions.

15       The parties agree that any supplemental motion can be filed upon a showing of good cause

16  as determined by the Court.  These motions shall be based on issues unforseen to the parties at the

17  time this agreement was filed.

18       WHEREFORE, the government  respectfully requests that the Court grant this Motion and

19  enter an Order adopting the proposed complex case schedule.  A proposed Order is attached for the

20  convenience of the Court.

21       Dated this the ___ day of March 2011.

22                                      DANIEL G. BOGDEN
                                         United States Attorney
23
                                         /s/
24                                      KATHLEEN BLISS
                                         Assistant United States Attorney
25          3-3/-11

26
                                         /s/
27  FPD                                  KAREN C. WINCKLER
    Counsel for Defendant Burgos         MARGARET STANISH
28                                       Counsel for Lee Novarro

                                   4

1

2  /s/_____        /s/_____
   MACE J. YAMPOLSKY                  TERRENCE M. JACKSON
3  Counsel for Defendant Mageno       Counsel for Defendant R. Aguilar

4

5  /s/_____        /s/_____
   RICHARD A. SCHONFELD               JESS R. MARCHESE
6  Counsel for Defendant Asher        Counsel for Defendant Maycotte

7

8

9

10        IT IS SO ORDERED.

11

12        _____
          UNITED STATES MAGISTRATE JUDGE
13        DATED: _____4-5-11_____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28